UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTHONY DEAN JONES,

        Movant,

                                          File No. 1:05-CV-150

v.

                                          HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/

**O P I N I O N**

      This matter comes before the Court on Movant Anthony Jones' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the judgment of sentence entered by this Court on December 19, 2002.

**I.**

      On August 16, 2002, Movant entered a plea of guilty in this Court to one count of possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1).  Thereafter, on December 17, 2002, he was sentenced to 192 months in prison, 4 years of supervised release,  a $4,000.00 fine and a $100.00 special assessment. Movant did not appeal his sentence.  On May 19, 2003, Movant filed a document entitled "First Amendment Redress of Grievances Petition for Constitutional Violation of Ineffective Assistance of Counsel and to Set Aside Sentence," which this Court construed as a motion pursuant to 28 U.S.C. § 2255.  (Case No. 1:02-cr-150, Docket #23.)  In that motion, Movant

alleged two counts of ineffective assistance of counsel: (1) counsel was ineffective for failing to inform him that he had to file an appeal within 10 days; and (2) counsel was ineffective for failing to investigate the circumstances surrounding one of the predicate offenses used to classify Movant as a career criminal. The Court summarily dismissed the petition without prejudice, holding that Movant could not demonstrate the prejudice required to prove ineffective assistance of counsel for failing to appeal within 10 days because he could not show he would be denied the right to file a late appeal. The Court granted leave to Movant to file a late appeal, should Movant file his request to appeal before September 15, 2003. (Case No. 1:02-cv-150, Docket #25.)

On September 8, 2003, Movant filed a Notice of Appeal Nunc Pro Tunc. The Sixth Circuit issued an opinion on November 1, 2004, vacating this Court's denial of the § 2255 motion and remanding for a determination "whether counsel failed to consult with Jones, and if so, whether the failure to consult is indicative of deficient performance." *Jones v. United States*, No. 03-2162, slip op. at 2 (6th Cir. Nov. 1, 2004).

On January 2, 2005, Movant filed the instant "First Amendment Redress of Grievances Petition for Constitutional Violation of Ineffective Assistance of Counsel And to Set Aside Sentence," which this Court construed as a renewed motion pursuant to 28 U.S.C. § 2225, refiling the case as the above-captioned civil action. Movant alleged the same attorney errors raised in his initial petition.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal.  *United States v. Frady*, 456 U.S. 152, 166 (1982).  A petitioner is is procedrually barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal.  *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996).  Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for and actual prejudice from his default or that he is actually innocent.  *Bousley v. United States*, 523 U.S. 614, 622 (1998).  The procedural

-3-

default rule does not apply, however, to claims of ineffective assistance of counsel.  Claims of ineffective assistance of trial counsel are generally not reviewable on direct appeal, because the record may be inadequate to permit review.  *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996).  Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal.  *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In an action to vacate or correct the sentence, the Court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance
> . . . . Rather, the hearing conducted by the court, if any, must be tailored to the
> specific needs of the case, with due regard for the origin and complexity of the
> issues of fact and the thoroughness of the record on which (or perhaps, against
> which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-551 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (quoted in *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).  Where the judge considering the § 2255 motion also

conducted the trial, the judge may rely on his or her recollections of the trial.  *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

## III.

The files and records in this case conclusively show that Movant is not entitled to relief in this action.

### A.    Failure to Advise of Time for Filing an Appeal

Movant asserts that he was deprived of the effective assistance of counsel when trial counsel failed to advise him that he needed to file an appeal within ten days and subsequently failed to move to file a late appeal after Movant expressed his intention to appeal.  To establish a claim of ineffective assistance of counsel, Movant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Williams v. Taylor*, 529 U.S. 362, 390-91 (2000).  A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

In the context of an attorney's alleged failure to appeal, the Supreme Court has indicated that the *Strickland* standard continues to apply.  *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  In reviewing such a claim, "'[j]udicial scrutiny of counsel's performance must be highly deferential.'" *Id.* at 477 (quoting *Strickland*, 466 U.S. at 689).  Where an

attorney fails to initiate an appeal when specifically instructed to file he acts in a manner that is professionally unreasonable. *Flores-Ortega*, 528 U.S. at 477 (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)). In contrast, a defendant who has instructed his attorney not to file an appeal cannot later complain that his counsel performed ineffectively. *Flores-Ortega* at 477. Where the defendant has not clearly conveyed his wishes one way or the other, a court must first consider whether counsel consulted with the defendant about an appeal, advising the defendant of the advantages and disadvantages of doing so, and making a reasonable effort to determine the defendant's wishes. *Id.* at 478; *see also Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003). If counsel did consult, his performance is constitutionally deficient only if counsel failed to appeal as expressly instructed by a defendant. *Regalado*, 334 F.3d at 524. If counsel failed to consult, that lack of consultation is professionally unreasonable only where (1) a rational defendant would want an appeal, or (2) a particular defendant reasonably demonstrated to counsel an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. If counsel deficiently failed to consult, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

In the instant case, Movant contends that his attorney failed to advise him that he was required to file his appeal within ten days of the Court's judgment. Movant's claim is not credible on the record evidence. First, this Court specifically advised Movant of his right to appeal and delivered to him the forms for filing an appeal. Those forms, on their face,

provided Movant with clear notice of the 10-day time for filing.  (1/17/02 Sent. Tr., 12.)
Second, counsel avers that he advised Movant of that time limit at the time of sentencing.
He further avers that Movant was given and possessed the appeal package during the entire
period after his sentencing.  (Canady aff. ¶¶ 11, 12.)  Third, Movant has filed no affidavit
or statement under penalty of perjury in opposition to the Canady affidavit.  Indeed, Movant
does not even continue to argue in his reply brief that counsel's averments were untrue.
Instead, he shifts his argument to make the claim that his January 2, 2003 letter constituted
a request for counsel to file an appeal.  Fourth, Movant's letter of January 2, 2003 makes
clear that, as of that date, he was aware of his possibility of appeal and had not yet requested
an appeal be filed.  On the basis of all these factors, the Court concludes that the record
clearly and unequivocally supports a finding that counsel conferred with Movant regarding
his right to file an appeal and the time in which he was required to do so.

Because the record reflects that counsel consulted with Movant on the time for filing
any appeal, counsel may be found to have acted "in a professionally unreasonable manner
only by failing to follow the defendant's express instructions with respect to an appeal."
*Flores-Ortega*, 528 U.S. at 478.  In his reply brief, Movant belatedly asserts that his attorney
should have understood from his January 2, 2003 letter that he was asking counsel to file an
appeal.  He therefore argues that counsel was ineffective for failing to seek a delayed appeal.

In support of his argument, Movant refers to that portion of counsel Canady's
affidavit stating that, having reviewed his correspondence from Movant with the benefit of

-7-

hindsight, counsel believed he should have construed Movant's belated inquiry into the time for filing an appeal as a request for counsel to file a motion to extend time to file an appeal:

> 16.     Affiant would acknowledge that based on the January 2, 2003 correspondence, it appears that Affiant should have filed a request for delayed appeal at that time, as upon reflection and review of the correspondence dated January 2, 2003, as of the date of this Affidavit and in Affiant's opinion it's clear that Petitioner expressed desire to appeal his matter.

(Canady aff. ¶ 16.)

Movant's argument is both unpersuasive and not credible.  At no time prior to his reply brief following remand did Movant suggest that he had asked counsel to file an appeal. Instead, Movant complained only that counsel failed to consult regarding the time for filing an appeal.  Further, Movant's letter to his attorney of January 2, 2003 did not instruct counsel to file an appeal, even if counsel now concludes the correspondence effectively suggested Movant's desire to file an appeal.  Instead, Movant expressly inquired only as to the time for filing an appeal – a time that already had expired – and he sought answers to certain substantive questions.  (1/2/03 Movant's Letter to Canady.)  Movant expressly represented to counsel that he merely wanted answers to his questions and that he would "take it from their [sic]."  (1/2/03 Movant's Letter to Canady.)  Counsel responded the day after he received Movant's letter, answering Movant's questions concerning sentencing guideline calculations and informing him of the opportunity to move to extend time to file the appeal. Movant never responded to counsel's letter until he filed his first motion to vacate sentence more than four months later.  (1/9/03 Canady Letter.)

-8-

The described scenario does not amount to a situation in which "a lawyer . . . disregards specific instructions from the defendant to file a notice of appeal . . . ." *Flores-Ortega*, 528 U.S. at 477 (citing *Rodriguez*, 395 U.S. 327). At no time did counsel "fail[] to follow the defendant's express instructions with respect to an appeal." *Id.* at 478. Counsel's performance therefore did not constitute the ineffective assistance of counsel. *Id.*

B.    Career Offender Guideline

In his second claim for relief, Movant argues that counsel rendered constitutionally ineffective assistance when he failed to move for a downward departure on the grounds that the career offender statute over-represented Movant's criminal history. Movant argues that his two predicate offenses were insufficiently serious to warrant application of the harsh career offender provision of the sentencing guidelines and overstated his risk of recidivism.

Section 4B1.1 of the United States Sentencing Guidelines provides as follows:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's criminal history category in every case shall be Category VI.

*Id.* Section 4B1.2 of the Guidelines defines the term "crime of violence" in relevant part as follows:

(a)    The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

-9-

> (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)    . . . involves conduct that presents a serious potential risk of physical injury to another.

*Id.*

Movant does not dispute that he has two predicate offenses that place him under the career offender guideline.  He argues, however, that mitigating circumstances of each predicate offense create a situation in which the application of the career offender guideline overrepresents the seriousness of his criminal history.  First, he argues that his 1996 qualifying conviction for attempted assault with a dangerous weapon involved a car.  He suggests that the facts of that offense should have resulted in a charge for fleeing and eluding rather than assault with a deadly weapon.  He alleges that he pleaded guilty in order to avoid delay that would prevent him from serving the sentence concurrently with a previously imposed sentence that already was scheduled to be served at a prison boot camp.  The second qualifying conviction was for possession of less than 50 grams of crack cocaine.  Because the actual amount of the substances was only approximately 4 grams, Movant suggests that the crime was far less serious than the charge would reflect.

Movant's arguments are without merit. First, the Court was fully apprised of the circumstances of the underlying offenses at the time of sentencing, as the offense conduct was described in the presentence report, to which Movant did not object.  In addition, Movant's offenses clearly fell within the guideline definitions.  In fact, a third predicate

-10-

offense likely was present that was not counted because Movant was 17 years old at the time he committed the offense.[1]  More importantly, as this Court discussed at sentencing, Movant's criminal history was substantial:

> THE COURT:  Now, let me see if I understand, see if I understand this.  In 1993 you had a – at age seventeen you started out with a failure to obey an officer; in 1994 and '95, a felonious assault involving some gunplay; in 1996 and '97, assault with a dangerous weapon here with a jail sentence out of Eaton County; '96, operating while intoxicated; '96, delivery of less than 50 grams of cocaine in Ingham County in Lansing for which you were given two to twenty years with credit for 111 days.  Is that right?
>
> DEFENDANT JONES:  Yes.
>
> THE COURT:  And then in 1998, open alcohol; 1999, once again driving under the influence of liquor, .14; 1999 again, furnishing false information to a police officer; in '01, driving on a suspended driver's license, second offense.  You kind of didn't miss very many years without getting in trouble, did you?
>
> DEFENDANT JONES:  No.
>
> THE COURT:  What does this tell the Court?  What would this tell me about you?
>
> DEFENDANT JONES:  It tell me that I stay in trouble.

---

[1] The commentary to § 4B1.2 states that "prior felony conviction" means "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. . . . A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted (*e.g.* a federal conviction for an offense committed prior to the defendant's eighteenth birthday is an adult conviction if the defendant was expressly proceeded against as an adult)." *Id.*  Here, Movant does not suggest that he was not prosecuted as an adult under Michigan law, notwithstanding his age of 17 years.  As a result, Movant's history included more than sufficient predicate offenses to support the career offender designation.

(3/17/04 Sent. Tr., 5-6.)  In addition, the offense for which the Court sentenced Movant in the instant case was committed while Movant was on probation for an offense committed only six months earlier.

Further, although Movant pleaded guilty to only one count of the indictment, police surveillance recorded Movant's involvement in five separate drug transactions involving a total of 9 grams of crack cocaine.  A total quantity of 43 grams of the drug and substantial monies attributable to Movant also were discovered by authorities. Movant made no objections to these facts in the presentence report.

In sum, Movant's conduct was not minor and his criminal history amply supported his classification as a career offender.  Moreover, Movant received leniency from the Court in the imposition of the sentence.  The Court accorded Movant reductions to the offense level of three points for acceptance of responsibility and entry of a timely plea, pursuant to U.S.S.G. § 3E1.1(a), (b).  The guideline range for his offense conduct and criminal history was 188 to 235 months. Movant was sentenced at the low end of the range, 192 months, because the Court considered Movant had demonstrated honesty and forthrightness in cooperating with the government and exhibited guilt and remorse for his conduct.  (12/17/02 Sent. Tr., 10.)  Having considered all of the factors, however, the Court did not sentence Movant to the very lowest sentence within his guideline range.

On these facts, Movant is unable to demonstrate the ineffective assistance of counsel because he is unable to demonstrate the requisite prejudice flowing from counsel's failure to

-12-

move for a downward departure. *See Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) ("When deciding ineffective-assistance claims, courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'") (quoting *Strickland*, 466 U.S. at 697). At the time of sentencing, this Court considered all of the factors Movant argues would support a downward departure. While the Court was persuaded that some credit should be given Movant for his apparent sincerity and desire to change his life, the Court declined to impose the shortest term of months within the guideline range. A motion for further reductions to the sentence therefore would not have changed the Court's decision. Accordingly, Movant fails to demonstrate that counsel was ineffective for failing to move for a downward departure.

## IV.

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255. Accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.

Date:    August 18, 2005                     /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             CHIEF UNITED STATES DISTRICT JUDGE